UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 3:12-CR-169 |
| v. | ) | JUDGE JORDAN |
| | ) | |
| JONATHAN MENDHEIM | ) | |

UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by the United States Attorney for the Eastern District of Tennessee, submits the following sentencing recommendations with respect to the defendant, Jonathan Mendheim. For the reasons set forth herein, the United States respectfully requests the defendant receive a sentence within the Guidelines range of 70 to 87 months, to be followed by a suitable time on Supervised Release to ensure the defendant becomes established in the community in which he resides. Further, the Government requests the conditions of local rule 82.10(b) be ordered as part of the supervised release and the stipulated amount of restitution to be paid to the victims in the case by the defendant. Such a sentence would be consistent with the nature of the defendant's offense and the factors set forth in 18 U.S.C. § 3553.

*ANALYSIS*

The first step in sentencing a defendant in the wake of *United States v. Booker*, 543 U.S. 220, 245 (2005), is to correctly calculate the Guidelines range and to recognize the advisory nature of that range. *Gall v. United States*, 552 U.S. 38, 51 (2007). It is the Government's position that the Pre-Sentence Report (PSR) contains

the correct calculation of the advisory Guidelines range in this case, which should be adopted as the advisory Guidelines range by the Court. Second, a sentencing court post-*Booker* is required to impose a sentence that is "sufficient but not greater than necessary," 18 U.S.C. § 3553(a), to "comport with the goals of criminal justice." *United States v. Denny*, 653 F.3d 415, 420 (6th Cir. 2011). To assist the Court in that task, § 3553(a) lists factors that should be considered in imposing a sentence. *Id*.

> **a.  The factors stated in 18 U.S.C. § 3553(a)(2) favor the imposition of a Guideline sentence.**

As the Court and the defendant are aware, the sentence to be imposed should be "sufficient, but not greater than necessary" to meet the following needs as set forth in 18 U.S.C. § 3553(a)(2):

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

An analysis of each of these factors supports the imposition of a Guideline sentence in the instant case.

> **(1)  *Seriousness of the offense***

The possession and receipt of child pornography are serious offenses, as evidenced by the statutory penalties imposed by Congress for such crimes. Possession of child pornography carries a potential sentence of up to ten years in prison. 18 U.S.C.

2

§ 2252A(a)(5)(B), (b)(2).  Receipt of child pornography carries a mandatory minimum sentence of five years, with a statutory maximum of twenty years.  18 U.S.C. § 2252A(a)(2), (b)(1).  A Guidelines sentence is necessary in this case to reflect the seriousness of the defendant's offenses, to promote respect for the law, and to provide just punishment.  *See* 18 U.S.C. § 3553(a)(2)(A).

### *(2)* *Deterrence*

A Guideline sentence is also warranted under Section 3553(a)(2)(B) and the need for a sentence that would deter future criminal conduct.  From the standpoint of sentencing, deterrence takes two forms:  (1) specific deterrence, to deter similar crimes by the defendant who is being sentenced, and (2) general deterrence, to deter criminal actions by others who may contemplate committing similar offenses.  Both forms of deterrence are needed in this case.

The need for specific deterrence is imperative in this case.  The defendant's statements and actions indicate he is unaware of the "slippery slope" he has chosen to take.  In his e-mail requests to begin a trade for child pornography he requested "butts/behinds, but like[s] it all". (Doc. 25, p. 4, ¶ 7)  When his computer was forensically analyzed, not only were 509 images of child pornography found but there were additional photos of two adolescent boys ages eleven (11) and twelve (12) taken in the defendant's apartment.  (Doc. 25, pgs. 5, ¶ 11, 6, ¶ 14)  The photos were disturbing because the boys were clothed only in their underwear on the defendant's bed and other places.  (Doc. 25, p. 6, ¶ 14)  The main focus of the photographs was the children's buttocks.   The defendant admitted the two boys had stayed alone with him

3

for two weeks. He denied any sexual contact although admitted to sleeping in the same bed with them and giving the eleven (11) year old child a massage. (Doc. 25, p. 6, ¶ 14) Certainly it can be argued that the defendant was at the very least "grooming" these boys as possible victims. Further, the defendant stated in interviews with law enforcement that he did not consider his collection of images as child pornography but rather more "artistic." (Doc. 25, p. 5, ¶ 13) At the very least the defendant is in deep denial as to the crimes he has committed. Sentencing the defendant within the Guidelines range will hopefully send a message that if he is inclined to proceed down that "slippery slope" again it will not be without the knowledge that there will be severe consequences.

Equally important is the need for *general* deterrence. With the proliferation of computers and high-speed Internet, child pornography has become easy to obtain, maintain and hide from law enforcement detection. These types of cases promote a ripple effect across the world. In just this case alone fourteen (14) child victim series were identified with victims from a far as Australia, Germany and Switzerland to name a few. A Guidelines sentence is needed to deter others who might contemplate committing offenses similar to those committed by the defendant.

### *(3) Protecting the public*

Title 18, United States Code, Section 3553 (a)(2)(C) states that the Court should consider the extent to which a sentence is needed to protect the public from further crimes by a defendant. This factor also favors the imposition of a Guidelines sentence.

4

The nature of the continued danger to the public presented by the defendant in this case is the strong indication the defendant might have or has gone further than just viewing, receiving and possessing child pornography. This indication being based on the admission of the defendant regarding the two adolescent boys who stayed with him for two weeks, their activities and photos that were taken. The defendant's only ties are to Indianapolis where his family resides, however, he has not lived there in years and drifts from place to place working at different jobs for short periods of time. When he was arrested on the instant charges he had fled Tennessee and was living out of his vehicle in New Jersey. The defendant was delivering pizza and had child pornography images on his laptop which was located in his vehicle. The defendant's actions all point to the defendant's lack of desire to cease his criminal activities.

The need for protection of the public, children specifically, strongly favors the imposition of a Guidelines sentence.

### (4) The need for medical treatment

In determining the appropriate sentence in accordance with 18 U.S.C. § 3553, the Court is also guided by the statute to consider the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2)(D). Although the PSR does not detail specific mental issues, psychological assistance should be considered by the Court in imposing a sentence as his actions certainly indicate mental health issues. (Doc. 25)

5

## CONCLUSION

For the reasons set forth above, the United States recommends that the defendant receive a sentence within the Guideline range of 70 to 87 months. Because the defendant is desirous of living in several cities across the United States with which he has no ties when he is released from custody, (Doc. 25, p. 10, ¶ 46) the government suggests the defendant be placed on Supervised Release for a suitable amount of time to allow the defendant to become established somewhere and demonstrate an ability to successfully follow the supervised conditions of Local Rule 83.10(b) as requested by probation in the PSR. (Doc .25, p. 12, ¶63)

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

By: s/ Jennifer Kolman
Jennifer Kolman
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Jennifer Kolman
Jennifer Kolman
Assistant United States Attorney